**Commonwealth v. Yhelka**

198

*Rex Downie, Jr.,* for Commonwealth.
*Whitmire & Mannix,* for appellant.

ROWLEY, J., May 1, 1970.—This case involves the question of the appropriate sanction to be applied, by the Secretary of Revenue, to a 17-year-old holder of a "regular" operator's license who is guilty of a speeding violation. Appellant has conceded, in this case, that he did drive 85 miles per hour in a 60-mile zone as charged by the Commonwealth. Moreover, he does not contend that he is not subject to the imposition of a penalty for his violation. He argues, however, that the penalty should be imposed under the "point system" rather than under the discretionary powers of section 604.1(a) of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 PS §604.1(a).

In 1961, the legislature added section 604.1 to The Vehicle Code: 75 PS §604.1. This section provides for the licensing of junior operators between the ages of 16 and 18, the issuance of "regular" licenses to those 17 years of age, and the suspension or revocation of such licenses. In 1966, the legislature added the so-called "point system" to The Vehicle Code: 75 PS §619.1. Since then, there has been some disagreement on the question whether the provisions of the "point

system" are applicable to persons holding licenses issued under section 604.1 and, if so, whether the provisions of the "point system" are the exclusive method of penalizing the holders of such licenses. In Rogers License, 43 D. & C. 2d 500 (1967), and Miskey License, 46 D. & C. 2d 14 (1968), the Chester County court held that the "point system" applied to all types and categories of licenses, including "junior" and "regular" licenses issued under section 604.1. In Rogers License, supra, it was held that a three-month suspension for speeding was improper and that the secretary should have applied the sanctions of the "point system." On the other hand, in Commonwealth v. Senft, 82 York 43 (1968), it was held that the point system was not the exclusive method by which the secretary might suspend a "junior" license for a speeding violation. Judge Atkins, in his opinion, disagreed with the holding in Rogers License, supra. In Beller License, 47 D. & C. 2d 265 (Lehigh 1969) and Toth License, 47 D. & C. 2d 299 (Lehigh 1969), the decision in Commonwealth v. Senft, supra, was followed. In both of those cases it was held that a suspension imposed under section 604.1 rather than under the provisions of the point system was appropriate. Also see Commonwealth v. Agney, 9 Crawford 15 (1968). Also in Angelicchio Motor Vehicle Operator License Case, 213 Pa. Superior Ct. 409 (1968), the court, in a footnote, stated that the suspension of a "junior" operator's license under section 604.1 for speeding was proper. Thus, it would appear that the decision in Commonwealth v. Senft, supra, and the cases which followed it, is correct. However, in none of those cases was it held that the secretary could not impose sanctions under the provisions of the "point system."

In Commonwealth v. Daub, 12 Lebanon 127 (1967), Judge Gates concluded that the secretary had the

option to either treat the minor as an adult and assess points under the point system or to treat him as a minor and impose a suspension or other sanction authorized under section 604.1(d). In this way, the "junior" license provisions and the "point system" provisions can be reconciled and construed so as to prevent any conflict. The same conclusion was reached in Fink License, 45 D. & C. 2d 642 (Lycoming Co. 1968). There, the court held that the suspension provisions of section 604.1 do apply to a "junior" operator who has been convicted of a violation of the operating provisions of The Vehicle Code. The court went on to point out, however, that such a conclusion did not require them to also conclude that the point system would not apply to such drivers, and concluded that the point system applies to all operators, including those licensed under section 604.1.

We are of the opinion that the conclusion set forth in Commonwealth v. Daub, supra, and Fink License, supra, is the correct one, for the reasons stated in those opinions. The Commonwealth has not cited, nor has our research disclosed any case in which it has been held that the secretary could not impose sanctions under the point system to the holder of a license issued under section 604.1. In subsection (b) of section 604.1, the legislature provided that "Notwithstanding the foregoing provision relating to age, a regular operator's license, including all provisions of the act relating to the suspension or revocation of such licenses, may be issued" to a person who has attained the age of 17 years and successfully completed an approved driver's training course. Thus, it would appear that under this provision *all* of the suspension and revocation provisions of the act, including the point system, are applicable to the holder of a "regular" license issued under this provision. Thus, we conclude that the

secretary has discretion to impose a penalty under any of the suspension or revocation provisions of the act, including the point system. We are of the opinion that in this case, the secretary had a choice, in the proper exercise of his discretion, as to whether a suspension under section 604.1 should be imposed or whether the penalties provided by the point system should be applied. However, from the record before us, it is not clear that the secretary ever exercised his discretion in this case.

The notice of withdrawal from the secretary to appellant stated that the suspension was being imposed under section 604.1(a). However, subsection (a) deals only with the suspension of "junior licenses." It has nothing to do with "regular" licenses issued under subsection (b). Therefore, if the secretary exercised his discretion in determining which penalty was appropriate, it would appear that he acted on a mistaken premise, that is, that appellant was the holder of a "junior" license. This was not the fact, however. Some seven and one-half months before his violation, appellant had been issued a "senior operator's license." We are not unmindful that in Beller License, supra, the court indicated that the designation of subsection (a) in the suspension notice could be treated as a clerical or administrative error and assumed that the suspension had been properly issued under subsection (d). We are not inclined to so hold, however. The suspension or revocation of an operator's license is a matter of serious consequence. Such action may in some cases affect not only the licensee but his entire family. Therefore, where the secretary is vested with discretion in the use of such power, we are of the opinion that the record should disclose that the discretion was exercised and that it was exercised on the basis of correct and accurate facts before the secretary. Where the

record indicates that the facts before the secretary were erroneous, we do not believe that we should assume that he had the correct facts, but that some clerk has made an inadvertent error in designating the authority for the suspension. Judge MacPhail of Adams County reached much the same conclusion in Harlow License, 48 D. & C. 2d 294 (1969), where he held that "fundamental concepts of fairness require" the secretary to notify the licensee of the correct legal basis for the suspension.

Therefore, we are of the opinion that this matter should be remanded to the secretary for the purpose of exercising his discretion in the matter after a proper understanding of all of the facts and circumstances in appellant's case.

## CONCLUSIONS OF LAW

1. The secretary has discretion to impose a suspension under section 604.1(d) or, in the alternative, to impose the sanctions of the point system.

2. The action of the Secretary of Revenue in suspending appellant's operating privileges under section 604.1(a) was not justified.

Entertaining these views, we make the following

## ORDER

Now, May 1, 1970, after hearing, the appeal is sustained; the action of the Secretary of Revenue in suspending appellant's operating privileges for a period of six months is reversed. The matter is remanded to the Secretary of Revenue for the imposition of such penalties as he deems appropriate.